UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TIFFANY LYNN SIMMONS,**

**Petitioner,**

v.   Case No. 24-CV-796

**MICHAEL GIERACH[1],**

**Respondent.**

## DECISION AND ORDER

1. **Background**

Tess White was found in a South Dakota field, having been murdered and then burned. *State v. Simmons*, 2022 WI App 49, ¶ 2, 404 Wis. 2d 509, 979 N.W.2d 807, 2022 Wisc. App. LEXIS 582. Tiffany Lynn Simmons and Shanta Pearson were arrested in Colorado following a traffic stop. *Id*. The record before the court does not indicate how Simmons and Pearson were identified as suspects in White's murder.

When investigators attempted to interrogate Simmons, she invoked her right to remain silent, ending the interrogation. *Simmons*, 2022 WI App 49, ¶ 4.

---

[1] The caption is updated to the reflect the current warden of the institution where the petitioner is incarcerated. *See* Fed. R. Civ. P. 25(d).

Pearson waived his rights but said he would give a statement only if he and Simmons were in the same room. *Simmons*, 2022 WI App 49, ¶ 5. Eventually, Simmons and Pearson were brought together in the same room.[2] The investigators who initially attempted to interrogate Simmons did not participate in this second interview, and the new investigators again advised Simmons of her rights. *Id.*, ¶ 6. Simmons again stated she did not want to answer any questions. *Id*. This prompted an investigator to respond, in a questioning tone, "No?" *Id*. Simmons then looked to Pearson and asked what he wanted her to do. *Id*. This led to a roughly 20-second exchange between the couple during which he said he would not confess without her, and the two eventually agreed to talk to investigators. *Id*. Once they agreed, an investigator told Simmons, "You know your rights," and asked if she wished to give a statement. *Id.*, ¶ 7. She agreed to speak and admitted to killing White. *Id*.

Simmons moved to suppress her statement on the ground that it was obtained in violation of her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). *See Simmons*, 2022

---

[2] The amount of time between Simmons initially invoking her right to remain silent and her being brought together with Pearson is unclear. The court of appeals' decision states that police brought the pair together "[a]fter determining that more than two hours had passed from the time Simmons' interview had ended …." *Simmons*, 2022 WI App 49, ¶ 5; *cf. Michigan v. Mosley*, 423 U.S. 96 (1975) (stating that a passage of two hours was a "a significant period of time" following the invocation of the right to silence). The facts recounted in Simmons's appellate brief suggest that days may have passed. She states that the initial interrogation attempt ended around 10:00 AM on June 8, 2016. (ECF No. 14-1 at 6.) On June 14, 2016, an investigator who was executing a warrant for Simmons's DNA asked if she wished to make a statement. (ECF No. 14-1 at 7.) Simmons refused unless Pearson was present. (ECF No. 14-1 at 7.) She then states that Pearson was initially interrogated on June 8, 2016, at the same time investigators first attempted to interview Simmons. (ECF No. 14-1 at 7.) During that interrogation, Pearson stated he would speak only if Simmons was present. (ECF No. 14-1 at 7.) This led to investigators trying to obtain approval from supervisors for a joint interrogation, which took some time. (ECF No. 14-1 at 7.) There is no indication whether this took hours or days.

WI App 49, ¶ 9. After the circuit court denied the motion to suppress, Simmons pled guilty to first-degree intentional homicide and kidnapping. *Id.*, ¶ 9. The court sentenced her to life in prison without the possibility of release to extended supervision. (ECF No. 10 at 2.)

Under Wisconsin law, a defendant who pleads guilty does not waive the right to appeal the denial of a pretrial motion to suppress. *See* Wis. Stat. 971.31(10). Simmons appealed the circuit court's denial of her *Miranda* motion, and the Wisconsin Court of Appeals affirmed her conviction. *Simmons*, 2022 WI App 49. The Wisconsin Supreme Court denied review on June 22, 2023. *State v. Simmons*, 2024 WI 1, 411 Wis. 2d 682, 4 N.W.3d 9, 2023 Wisc. LEXIS 373.

This court received Simmons's petition for a writ of habeas corpus on June 26, 2024. (ECF No. 1.) The court screened the petition and ordered the respondent to file an answer or otherwise respond to the petition. (ECF No. 5.) The respondent filed a motion to dismiss. (ECF No. 9.) The briefing on that motion is complete and the motion is ready for resolution. All parties have consented to the full jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). (ECF Nos. 4, 8.)

2. **Habeas Law Generally**

A person incarcerated pursuant to a judgment of a state court faces steep obstacles to prevail on a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Wilson v. Neal*, 108 F.4th 938, 947 (7th Cir. 2024); *see also Metrish v. Lancaster*, 569 U.S. 351,

357-58 (2013). A federal court may grant relief under § 2254 only if the petitioner shows that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1), (2); *Nichols v. Wiersma*, 108 F.4th 545, 552 (7th Cir. 2024).

To show that a state court decision is "contrary to" federal law, the petitioner must point to a decision of the United States Supreme Court that is materially indistinguishable factually but came out the other way. *Brown v. Payton*, 544 U.S. 133, 141 (2005). To show that the state court unreasonably applied federal law, it is not enough for the petitioner to show that the state court's decision was wrong or even clearly wrong. *White v. Woodall*, 572 U.S. 415, 419 (2014). Rather, the petitioner must show that the state court's decision was so wrong that there is no room for fair-minded disagreement. *Id*.

**3. Petitioner's Claims**

Simmons presents fours claims: (1) investigators did not scrupulously honor her invocation of her right to remain silent, thus violating the Fifth Amendment; (2) the joint interrogation of Simmons and Pearson violated the Fifth Amendment; (3) the circuit court made a factual error in denying the motion to suppress; and (4) all the Wisconsin Supreme Court justices did not participate or vote against reviewing her case. (ECF No. 1 at 6-9.)

As to Simmons's last claim, the fact that one justice did not participate in, and another dissented from, the decision to not review Simmons's case is neither irregular nor a basis for federal habeas relief. Procedures by which a state's highest court exercises its power of review are purely matters of state law and thus not cognizable in habeas. *See* 28 U.S.C. § 2254(a)(1) (stating that habeas relief is available "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). Nor has Simmons exhausted her state court remedies with respect to this claim or demonstrated that an exception to the exhaustion requirement applies. *See* 28 U.S.C. § 2254(b)(1). Accordingly, the court will dismiss the claim.

Simmons's other three claims are all subsumed in the bigger question presented in the respondent's motion to dismiss—whether an alleged *Miranda* violation presents a cognizable federal habeas claim when the petitioner pled guilty.

4. **Analysis**

Ordinarily, when a defendant pleads guilty she waives her right to later raise a pretrial constitutional claim in a habeas petition. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *but see McMann v. Richardson*, 397 U.S. 759, 770-71 (1970) (noting that claims that a plea was involuntary are not barred); *cf. Blackledge v. Allison*, 431 U.S. 63, 72 (1977) ("a prisoner in custody after pleading guilty, no less than one tried and convicted by a jury, is entitled to avail himself of the writ in challenging the constitutionality of his custody"). However, if state law allows a defendant to plead guilty and still challenge a

pretrial decision on appeal, the claim is not waived and the petitioner may raise it in a federal habeas petition. *Lefkowitz v. Newsome*, 420 U.S. 283, 290 (1975). As noted, under Wisconsin law a defendant does not waive her right to appeal the denial of a motion to suppress when she pleads guilty. *See* Wis. Stat. 971.31(10).

An exception exists for claims under the Fourth Amendment. So long as the state court "provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). The rationale for categorically excluding Fourth Amendment claims from federal habeas review—regardless of whether the defendant pled guilty or was convicted at trial—is that the prospect of habeas relief is too remote to meaningfully foster the deterrent purpose of the exclusionary rule. *Id.* at 493; *see also Withrow v. Williams*, 507 U.S. 680, 686-87 (1993).

The Supreme Court rejected the argument that the *Stone* rule should apply to *Miranda* claims and that *Miranda* claims should likewise be categorically excluded from habeas review. *Withrow*, 507 U.S. at 683; *see also, e.g.*, *Smiley v. Thurmer*, 542 F.3d 574 (7th Cir. 2008) (affirming grant of habeas relief regarding *Miranda* violation). The Court, however, circumscribed habeas review of *Miranda* claims by holding that *Miranda* protects a defendant only from an unwarned statement being used against her *at trial*. *See Withrow*, 507 U.S. at 691 ("*Miranda* safeguards 'a fundamental *trial* right.'" (emphasis

6

Case 2:24-cv-00796-WED   Filed 11/08/24   Page 6 of 14   Document 16

in original) (quoting *United States v. Verdugo-Urquidez*, 494 U.S. 259, 264 (1990)). If there is no trial, there can be no *Miranda* violation. *See Verdugo-Urquidez*, 494 U.S. at 264 ("a constitutional violation occurs only at trial"); *see also Chavez v. Martinez*, 538 U.S. 760, 767 (2003) ("it is not until their use in a criminal case that a violation of the Self-Incrimination Clause occurs"); *United States v. Patane*, 542 U.S. 630, 641 (2004) ("Potential violations occur, if at all, only upon the admission of unwarned statements into evidence at trial."); *Vega v. Tekoh*, 597 U.S. 134, 151 (2022) (noting that *Miranda*'s "purpose is served by the suppression at trial of statements obtained in violation of *Miranda* and by the application of that decision in other recognized contexts").

Granted, a court's decision that a confession would be admissible at trial may logically affect a defendant's decision to plead guilty. *See, e.g.*, *Luedtke v. Bertrand*, No. 97-C-889, 1998 U.S. Dist. LEXIS 24944, at *7 (E.D. Wis. Apr. 23, 1998) (noting that a *Miranda* violation "might conceivably affect the voluntariness of his plea"); *Mazariegos v. Humphreys*, No. 07-C-319, 2008 U.S. Dist. LEXIS 4275, at *12 (E.D. Wis. Jan. 22, 2008) (noting that petitioner alleged that a *Miranda* violation rendered his guilty plea involuntary). After all, a confession "is like no other evidence" [and] "is probably the most probative and damaging evidence that can be admitted against" a defendant, *Arizona v. Fulminante*, 499 U.S. 279, 296 (1991) (quoting *Bruton v. United States*, 391 U.S. 123, 139-40 (1968) (White, J. dissenting)), such that a trial may often seem superfluous if the prosecution can present a defendant's confession. However, the Supreme Court

seemed to reject the notion that an erroneous denial of a motion to suppress under *Miranda* may render a guilty plea involuntary. *See McMann*, 397 U.S. at 766-69.

Neither the Supreme Court nor the Court of Appeals for the Seventh Circuit appears to have explicitly addressed the precise issue raised by Simmons's petition, *i.e.*, whether state law allowing appellate review of a *Miranda* claim following a guilty plea preserves such a claim for federal habeas review. Stated another way, does an exception similar to the one the Court recognized in *Lefkowitz* apply to a *Miranda* claim?

Many courts have found that, so long as the claim was preserved under state law, *Lefkowitz* allows a habeas petitioner to pursue a *Miranda* claim following a guilty plea. *See, e.g.*, *McCarty v. Herdman*, 716 F.2d 361, 364 (6th Cir. 1983) (granting habeas relief for a *Miranda* violation despite the petitioner having pled nolo contendere); *Karlsen v. Kilpatrick*, 378 F. Supp. 3d 237, 250-52 (W.D.N.Y. 2019) (finding that *Tollett* did not bar the petitioner's *Miranda* claim but denying relief on the merits); *Vines v. Johnson*, 569 F. Supp. 2d 579, 585 (E.D. Va. 2008) (finding that *Miranda* claim was preserved by conditional guilty plea); *Kestner v. Bell*, No. 3:09-0635, 2011 U.S. Dist. LEXIS 135059, at *29 (M.D. Tenn. Nov. 18, 2011) (same); *Pulido v. Thaler*, No. EP-09-CV-462-KC, 2011 U.S. Dist. LEXIS 32204, at *17 (W.D. Tex. Jan. 27, 2011) (finding that *Lefkowitz* permitted consideration of the merits of petitioner's *Miranda* claim); *Perez v. Ercole*, 2010 U.S. Dist. LEXIS 63315, at *12 n.3 (S.D.N.Y. June 22, 2010) (rejecting respondent's contention that petitioner's guilty plea barred his *Miranda* claim) (applying *Lefkowitz*, 420 U.S. at 293

and *United States ex rel. Sanney v. Montanye*, 500 F.2d 411, 414 (2d Cir. 1974)). Many such cases have arisen in the Second Circuit, where the Court of Appeals long ago held a habeas claim related to an "illegal interrogation" was not foreclosed by the petitioner's guilty plea so long as the claim was not waived under state law. *Sanney*, 500 F.2d at 414; *see also, e.g*, *Jones v. Superintendent*, No. 9:15-cv-01152-JKS, 2018 U.S. Dist. LEXIS 248364, at *19-20 (N.D.N.Y. Feb. 12, 2018) (applying *Sanney* to conclude that petitioner may pursue *Miranda* claim in habeas following guilty plea); *Douglas v. Capra*, No. 9:13-cv-00035-JKS, 2014 U.S. Dist. LEXIS 73413, at *7 (N.D.N.Y. May 29, 2014) (same); *Harris v. Bezio*, No. 11-CV-0360(MAT), 2012 U.S. Dist. LEXIS 130216, at *9 (W.D.N.Y. Sep. 12, 2012) (same).

However, in none of these cases did the court address the Supreme Court's holdings that *Miranda* safeguards a trial right and that no violation occurs absent the introduction of the statement at trial. *See Verdugo-Urquidez*, 494 U.S. 259, 264; *Withrow*, 507 U.S. at 691; *Chavez*, 538 U.S. at 767; *Patane*, 542 U.S. at 641; *Vega*, 597 U.S. at 151.

The Court's rationale in *Lefkowitz* suggests that, so long as the claim is not waived under state law, a *Miranda* claim should be cognizable in habeas despite the defendant's guilty plea. To hold otherwise, as the Court noted, would create "a trap for the unwary." *Lefkowitz*, 420 U.S. at 293. A defendant aware that state law permits her to plead guilty and still appeal the denial of a *Miranda* motion may mistakenly believe that this law also preserves her opportunity for federal habeas review. On the other hand, a

defendant who is aware that a guilty plea forecloses federal habeas review may insist on a time-consuming and expensive trial to preserve the opportunity for review or demand greater concessions from the prosecution to induce her to plead guilty. *See Lefkowitz*, 420 U.S. at 293.

It is precisely to avoid needless trials or unnecessary concessions in plea bargaining that states have allowed defendants to pursue a *Miranda* claim despite a guilty plea. *See Lefkowitz*, 420 U.S. at 293. That federal habeas law would stand to impose such burdens on states is inconsistent with the principle of comity "that govern[s] every federal habeas case." *See Shinn v. Ramirez*, 596 U.S. 366, 382 (2022). Thus, there are compelling pragmatic reasons to apply the *Lefkowitz* exception to *Miranda* claims. If a state allows a defendant to plead guilty and preserve a *Miranda* claim for appeal, comity demands that federal courts likewise find the claim cognizable in habeas.

But these policy considerations run into the Supreme Court's clear holdings that *Miranda* is a trial right, and without the introduction at trial of a statement obtained in violation of *Miranda* a habeas petitioner has no cognizable *Miranda* claim. *Patane*, 542 U.S. at 641. Pragmatic considerations cannot create a claim when the Supreme Court has held that none exists.

Simmons's statement, which she alleges was obtained in violation of *Miranda*, was never used against her at trial. There was no trial because she pled guilty.

Therefore, notwithstanding the pragmatic reasons favoring consideration of a *Miranda* claim under the circumstances presented, the court is compelled to conclude that Simmons has not alleged a plausible *Miranda* claim, and it cannot consider the merits of her petition. *See Obregon v. Buesgen*, No. 22-cv-1513-bhl, 2024 U.S. Dist. LEXIS 196082, at *14 (E.D. Wis. Oct. 29, 2024); *Wisham v. Bertsch*, No. 1:17-cv-263, 2018 U.S. Dist. LEXIS 194930, at *21 (D.N.D. Nov. 15, 2018).

Simmons does not argue that her *Miranda* claim should be recast as some other constitutional claim—for example, that her plea was involuntary for some reason beyond merely the denial of her motion to suppress, *see Brady v. United States*, 397 U.S. 742, 748 (1970); *McMann*, 397 U.S. at 766, or that she was deprived of the effective assistance of counsel, *see*, *e.g.*, *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

In response to the respondent's motion to dismiss it appears that Simmons may be arguing that her statement was both obtained in violation of *Miranda* and was involuntary. (*See* ECF 11 at 2-3.) However, she did not present a voluntariness claim to the state courts; her claim to the state courts was only that investigators violated *Miranda*. (*See* ECF No. 14-1.) Because she presented only a *Miranda* claim in the state courts, this court is barred from considering any other claim, which would either be unexhausted, 28 U.S.C. § 2254(b)(1), or procedurally defaulted, *Shinn v. Ramirez*, 596 U.S. 366, 378-79 (2022). Simmons does not present any basis by which any procedural default may be excused.

### 5. Certificate of Appealability

Because the court finds that it must deny Simmons's petition, it must consider whether to grant her a certificate of appealability. *See* Rule 11, Rules Governing Section 2254 Cases.

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue … if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000); 28 U.S.C. § 2253(c)(2).

Although this standard requires more than showing merely that an appeal would not be frivolous, *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003), it does not require that the applicant show that some judges would grant the petition. *Id*. Rather, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). The certificate of appealability "shall indicate which specific issue or issues satisfy the showing required by [28 U.S.C. § 2253(c)(2)])."

The Supreme Court has been clear that a *Miranda* violation occurs only with the introduction of a defendant's statement at trial. Thus, if a defendant avoids trial by pleading guilty, her *Miranda* claim is not cognizable in habeas. But, as discussed above, there are reasonable arguments that applying these holdings to bar a habeas claim when a state allows a defendant to plead guilty without waiving a *Miranda* claim

undermines the comity principles that underlie much of federal habeas law. And there has been no shortage of cases where federal courts have applied *Lefkowitz*, 420 U.S. at 290, to consider *Miranda* claims under similar circumstances.

Against this backdrop, the court finds that, at a minimum, the question is "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 477 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Thus, the court finds that it must grant Simmons a certificate of appealability as to the question of whether her petition presents a cognizable claim.

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss is **granted**. The petition and this action are **dismissed**. The Clerk shall enter judgment accordingly. Simmons is granted a certificate of appealability as to the question of whether her petition presents a cognizable claim.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment

under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 8th day of November, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge